# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JODY L. WILLIAMS, | ) | |
| Petitioner, | ) | Civil Action No. 13-219 Erie |
| | ) | |
| v. | ) | |
| | ) | District Judge Cathy Bissoon |
| BOBBY L. MEEKS, | ) | Magistrate Judge Susan Paradise Baxter |
| Respondent. | ) | |


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

## I.    RECOMMENDATION

It is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction.


## II.    REPORT

Petitioner, Jody L. Williams, is a federal inmate incarcerated at the Federal Correctional Institution at McKean, which is located within the territorial boundaries of the Western District of Pennsylvania. He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [ECF No. 4] in which challenges the judgment that was imposed upon him in 1996 by the U.S. District Court for the Northern District of Ohio. Specifically, he seeks an order from this Court directing that the sentence of 20 years of imprisonment, which he received at Count 8 of his indictment, be vacated and that he be resentenced to what he contends is the appropriate mandatory minimum of 5 years.


### A.    Relevant Background

In 1996, Petitioner was tried before a jury in the District Court for the Northern District of Ohio for several crimes, including three counts (Counts 5, 6, and 8) of carrying and using a firearm during and

1

in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c). The jury found him guilty of each of count. According to Petitioner, Counts 5 and 6 were merged for sentencing purposes. In imposing the sentence at Count 8, the sentencing judge determined that Petitioner's conviction at that count was a "second or subsequent" conviction under § 924(c)(1)(C) and thus qualified him for the mandatory minimum sentence of 20 years of imprisonment.

Petitioner filed a direct appeal in which he raised claims that are not relevant to this proceeding. On October 22, 1999, the U.S. Court of Appeals for the Sixth Circuit affirmed his judgment of sentence. In 2001, Petitioner filed with the District Court for the Northern District of Ohio a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. He raised claims that are not relevant to this proceeding. The District Court for the Northern District of Ohio denied the § 2255 motion in 2002.

In June of 2013, the U.S. Supreme Court decided <u>Alleyne v. United States</u>, — U.S. — , 133 S.Ct. 2151 (2013). The defendant, Alleyne, had been convicted by a jury of using or carrying a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) provides, in relevant part, that anyone who "uses or carries a firearm" in relation to a "crime of violence" shall:

> (i)  be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii)  if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and
>
> (iii)  if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

The jury convicted Alleyne. It indicated on the verdict form that Alleyne had "[u]sed or carried a firearm during and in relation to a crime of violence," but did not indicate a finding that the firearm was "[b]randished." <u>Alleyne</u>, 133 S.Ct. at 2156.

The presentence report recommended a 7-year sentence on the § 924(c) count, which reflected the mandatory minimum sentence for cases in which a firearm has been "brandished,"

§ 924(c)(1)(A)(ii). Alleyne objected to this recommendation. He argued that it was clear from the verdict form that the jury did not find brandishing beyond a reasonable doubt and that he was subject only to the 5-year minimum for "us[ing] or carr[ying] a firearm." Alleyne contended that raising his mandatory minimum sentence based on a sentencing judge's finding that he brandished a firearm would violate his Sixth Amendment right to a jury trial. The district court overruled Alleyne's objection, holding that it was foreclosed by Harris v. United States, 536 U.S. 545 (2002), which declined to apply Apprendi v. New Jersey, 530 U.S. 466 (2000) to facts that increased the mandatory minimum sentence but not the maximum sentence. The district court concluded that "brandishing" was a sentencing factor that the court could find without violating Alleyne's Sixth Amendment right to a jury trial. Alleyne, 133 S.Ct. at 2155-56. The U.S. Court of Appeals for the Fourth Circuit affirmed. Alleyne, 133 S.Ct. at 2156.

Alleyne argued before the Supreme Court that Harris could not be reconciled with the rule in Apprendi, which held that any "'facts that increase the prescribed range of penalties to which a criminal defendant is exposed' are elements of the crime[,]" which must be proved to a jury. Alleyne, 133 S.Ct. at 2160 (quoting Apprendi, 530 U.S. at 490). See also id. at 2157-58. The Supreme Court agreed with Alleyne. It overruled Harris and held that since mandatory minimum sentences increase the penalty for a crime, the facts used to enhance a sentence are offense elements "that must be submitted to the jury and found beyond a reasonable doubt" before an enhanced mandatory minimum sentence can be imposed. Id. at 2160-64. The Supreme Court vacated the Court of Appeals for the Fourth Circuit's judgment with respect to Alleyne's sentence on the § 924(c)(1)(A) conviction and remanded the case for resentencing consistent with the jury's verdict. Id. at 2164.

Soon after Alleyne was decided, Petitioner, who is incarcerated within the territorial boundaries of the Western District of Pennsylvania, filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [ECF No. 4. See also Memorandum, ECF No. 5]. He alleges that the

decision in Alleyne renders him actually innocent of a "second or subsequent conviction" under § 924(c). [ECF No. 4 at 7-8].

Respondent has filed his Answer [ECF No. 11], to which Petitioner has filed a Reply [ECF No. 12].

## B.    Discussion

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" Cardona v. Bledsoe, 681 F.3d 533, 535 (3d Cir. 2012) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates."[1] Id. "The 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so, usually on the ground that his predicate sentence or conviction is improper or invalid." McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). That type of action is brought in the district court that tried and sentenced the prisoner by way of a motion filed under 28 U.S.C. § 2255, which permits a federal prisoner to challenge his conviction or sentence "upon the ground that [it] was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]" In contrast, § 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence," McGee, 627 F.3d at 935, such as, for example, the way in which the Bureau of Prisons is computing his sentence. See, e.g., Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990). A habeas corpus action pursuant to § 2241 must be

---

[1]     Although a motion under section 2255 is not technically a writ of habeas corpus, but rather a motion to set aside, vacate or correct a sentence, it may afford the same relief, and is habeas corpus' practical substitute for federal prisoners. Davis v. United States, 417 U.S. 333, 343 (1974); Kaufman v. United States, 394 U.S. 217, 221-22 (1969).

4

brought in the custodial court – the federal district court in the district the prisoner is incarcerated – not the district court where the prisoner was tried and sentenced.

Importantly, § 2255 prohibits district courts from entertaining a § 2241 habeas corpus petition filed by a federal prisoner who is raising the types of claims that must be raised in a § 2255 motion unless it "appears that the remedy by [§ 2255 motion] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision of § 2255 is commonly referred to as the "savings clause," "safety valve," or "safety hatch."

Petitioner, who is imprisoned within the territorial boundaries of this Court, contends that the judgment imposed upon him at Count 8 by the District Court for the Northern District of Ohio is unconstitutional. His claim is precisely the type that must be brought in a § 2255 motion before the district court that tried and sentenced him. Of course, this Court is aware that since Petitioner has already filed one § 2255 motion in the District Court for the Northern District of Ohio, he cannot at the present time file a second one. That is because the 1996 amendments that the Antiterrorism and Effective Death Penalty Act ("AEDPA") made to § 2255 bar a federal prisoner from filing a second or successive § 2255 motion unless the appropriate court of appeals certifies the filing contains, in relevant part, a claim based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). <u>See also</u> 28 U.S.C. § 2244(a). Since the Supreme Court has not held that <u>Alleyne</u> is retroactive to cases on collateral review, the courts of appeals cannot authorize a federal prisoner to file a second or successive § 2255 motion based upon that decision. <u>In re Payne</u>, 733 F.3d 1027, 1029 (10th Cir. 2013) (holding that <u>Alleyne</u> is "a new rule of constitutional law," but declining to authorize the petitioner to file a second or successive § 2255 motion because the Supreme Court has not made it retroactive to cases on collateral review); <u>Simpson v. United States</u>, 721 F.3d 875, 876 (7th Cir. 2013) (same); <u>United States v. Redd</u>, 735 F.3d 88,

5

91 (2nd Cir. 2013) (even if <u>Alleyne</u> did announce "a new rule of constitutional law," the Supreme Court did not hold that it was retroactive to cases on collateral review).[2]

Thus, the question before this Court is whether the fact that Petitioner cannot raise his <u>Alleyne</u> claim in another § 2255 motion with the District Court for the Northern District of Ohio makes the § 2255 remedy "inadequate or ineffective to test the legality of his detention[,]" 28 U.S.C. § 2255(e), thereby allowing him to utilize § 2241. It is Petitioner's burden to establish that the remedy under § 2255 is inadequate or ineffective. <u>See</u>, <u>e.g.</u>, <u>Charles v. Chandler</u>, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). He has not met the requisite burden.

In its landmark case <u>In re Dorsainvil</u>, 119 F.3d 245 (3d Cir. 1997), the U.S. Court of Appeals for the Third Circuit recognized the one circumstance under which it has found § 2255's remedy to be inadequate of ineffective since AEDPA amended § 2255 in 1996 to prohibit the filing of second or successive motions. Importantly, in that case the Court of Appeals for the Third Circuit stressed that § 2255's remedy *is not* "inadequate or ineffective" solely because the petitioner cannot meet the stringent gatekeeping requirements of AEDPA and file a second or successive § 2255 motion with the district court that convicted and sentenced him. Although, the court in <u>Dorsainvil</u> concluded that the

---

[2]     The U.S. Court of Appeals for the Seventh Circuit has predicted that the Supreme Court will not make <u>Alleyne</u> retroactive to cases on collateral review:

> <u>Alleyne</u> is an extension of <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). The Justices have decided that other rules based on <u>Apprendi</u> do not apply retroactively on collateral review. <u>See</u> <u>Schriro v. Summerlin</u>, 542 U.S. 348, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004). This implies that the Court will not declare <u>Alleyne</u> to be retroactive. <u>See</u> <u>also</u> <u>Curtis v. United States</u>, 294 F.3d 841 (7th Cir. 2002) (<u>Apprendi</u> itself is not retroactive). But the decision is the Supreme Court's, not ours, to make. Unless the Justices themselves decide that <u>Alleyne</u> applies retroactively on collateral review, we cannot authorize a successive collateral attack based on § 2255(h)(2) or the equivalent rule for state prisoners, 28 U.S.C. § 2244(b)(2)(A).

<u>Id</u>. <u>See</u> <u>also</u> <u>In re Payne</u>, 733 F.3d at 1030 (agreeing with the Court of Appeals for the Seventh Circuit that the Supreme Court will not declare <u>Alleyne</u> to be retroactive).

circumstance presented in that case was the rare one in which a federal prisoner could challenge the validity of his conviction under § 2241, it expressly stated:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of [AEDPA's amendments to] § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255."

Dorsainvil, 119 F.3d at 251. See, e.g., Cradle v. United States ex rel. Miner, 290 F.3d 536, 539 (3d Cir. 2002) (per curiam) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, *or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255*."); Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); Young v. Yost, 363 F.App'x 166, 169 (3d Cir. 2010) (per curiam) ("Section 2255 is not 'inadequate or ineffective' merely because the Fourth Circuit Court of Appeals denied [the petitioner] permission to file a second or successive § 2255 motion raising his present claim."); Gilbert v. United States, 640 F.3d 1293, 1308 (10th Cir. 2011) ("We join all other circuits in refusing to interpret the savings clause in a way that would drop the §2255(h) bar on second and successive motions, defeat its purpose, and render it pointless.")

The petitioner in Dorsainvil, Ocsulis Dorsainvil, was convicted, *inter alia*, of using a gun in connection with a drug crime under 18 U.S.C. § 924(c)(1). He was so convicted notwithstanding that he did not "use" the gun but the gun was merely present in the car from which the drugs were to be bought. After he had exhausted his appeals and litigated his first § 2255 motion, the Supreme Court in Bailey v. United States, 516 U.S. 137 (1995) construed the criminal statute under which Dorsainvil was convicted (18 U.S.C. § 924(c)(1)) to exclude from the ambit of the statute mere presence of a gun at a drug crime, thus arguably rendering him actually innocent of the crime of using a gun in connection with a drug offense.

Post Bailey, Dorsainvil applied to the Court of Appeals for the Third Circuit for authorization to file in the district court a second or successive § 2255 motion. The court had no choice but to deny his request because he could not satisfy AEDPA's gatekeeping requirements for the filing of a second or successive § 2255 motion. Although Bailey was a substantive rule that applied retroactively to cases on collateral review, Bousley v. United States, 523 U.S. 614, 620-21 (1998), the Supreme Court's decision in Bailey was one of *statutory construction*, and therefore did not constitute "a new rule of *constitutional law . . .* that was previously unavailable[.]" Dorsainvil, 119 F.3d at 247-48 (quoting 28 U.S.C. § 2255 (now at § 2255(h)) (emphasis added)).

The Court of Appeals for the Third Circuit concluded that under the circumstances, Dorsainvil had established that § 2255 was "inadequate or ineffective" to test the legality of his detention and, therefore, he could bring his claim in a § 2241 habeas corpus petition:

> A similar case "involv[ing] the availability of collateral relief from a federal criminal conviction based upon an intervening change in substantive law" came before the Supreme Court in Davis v. United States, 417 U.S. 333, 334 (1974). In that case, the Court stated that a Supreme Court decision interpreting a criminal statute that resulted in the imprisonment of one whose conduct was not prohibited by law "presents exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 346 (internal quotations omitted). The Court held that "*if [petitioner's] contention is well taken, then [his] conviction and punishment are for an act that the law does not make criminal. There can be no room for doubt that such a circumstance inherently results in a complete miscarriage of justice and present(s) exceptional circumstances that justify collateral relief under § 2255.*" Id. at 346-47 (internal quotations omitted); see also United States v. Addonizio, 442 U.S. 178, 186-87, (1979) (discussing Davis and observing that a refusal to have vacated his sentence "would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful").
>
> The decision in Davis that § 2255 was broad enough to cover a defendant imprisoned for a crime that an intervening decision negates does not govern Dorsainvil's motion before us only because he has brought his claim for relief on a second § 2255 motion [subject to the gatekeeping provisions of AEDPA]. In the earlier part of this opinion, we construed the AEDPA to preclude our certification of a second § 2255 motion that relied on the intervening decision in Bailey as a basis for certification. Thus, Dorsainvil does not have and, because of the circumstance that he was convicted for a

8

violation of § 924(c)(1) before the <u>Bailey</u> decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1). If, as the Supreme Court stated in <u>Davis</u>, it is a "complete miscarriage of justice" to punish a defendant for an act that the law does not make criminal, thereby warranting resort to the collateral remedy afforded by § 2255, it must follow that it is the same "complete miscarriage of justice" when the AEDPA amendment to § 2255 makes that collateral remedy unavailable. In that unusual circumstance, the remedy afforded by § 2255 is "inadequate or ineffective to test the legality of [Dorsainvil's] detention."

There is no reason why § 2241 would not be available under these circumstances, provided of course that Dorsainvil could make the showing necessary to invoke habeas relief, an issue for the district court.

<u>Dorsainvil</u>, 119 F.3d at 250-51 (emphasis added).

Petitioner contends that this case falls within § 2255's "savings clause" because, just as <u>Bailey</u> rendered Dorsainvil potentially actually innocent of violating § 924(c)(1), the decision in <u>Alleyne</u> renders him actually innocent of, at Count 8, the mandatory minimum sentence of 20 years for a second or subsequent conviction pursuant to 18 U.S.C. § 924(c)(1)(C).[3]

Petitioner's argument is without merit. The Court of Appeals for the Third Circuit has excluded from the ambit of <u>Dorsainvil</u> the type of claim that he is making in this case. In <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002), the petitioner argued in a § 2241 habeas corpus petition that the sentence imposed upon him violated the Supreme Court's holding in <u>Apprendi</u> because the judge increased his sentence on the basis of drug quantity not found by a jury. The Court of Appeals for the Third Circuit rejected his argument, holding:

---

[3]　　In <u>Almendarez v. Torres v. United States</u>, 523 U.S. 224 (1998), the Supreme Court held that the Sixth Amendment does not require the government to set forth in the indictment and prove beyond a reasonable doubt the fact of a prior conviction. <u>Almendarez-Torres</u> was not overturned by <u>Alleyne</u>, and although it "may stand on shifting sands, [it] presently remains good law and … must [be] follow[ed] … until the Supreme Court expressly overrules it. <u>United States v. Mack</u>, 729 F.3d 594, 609 (6th Cir. 2013) (citing, <i>inter alia</i>, <u>Alleyne</u>, 133 S.Ct. at 2160 n.1). <u>See also</u> <u>Sacksith v. Warden Canaan USP</u>, — F.App'x — , 2014 WL 279754, *2 (3d Cir. Jan. 27, 2014) ("Contrary to Sacksith's contention, the Supreme Court's decision in <u>Alleyne</u> did not undermine <u>Almendarez-Torres</u> in any way. Instead, the Supreme Court explicitly declined to revisit <u>Almendarez–Torres</u>.") (citing <u>Alleyne</u>, 133 S.Ct. at 2160 n.1 and <u>United States v. Blair</u>, 734 F.3d 218, 226-27 (3d Cir. 2013)). Thus, although the Court lacks jurisdiction over Petitioner's claims and will not decide it on the merits, his reliance on <u>Alleyne</u> is misplaced.

Motions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution. See Davis v. United States, 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). In In re Dorsainvil, we interpreted the statutory language providing that § 2255 must be used to raise a challenge to the validity of a conviction or sentence unless that section is "inadequate or ineffective." 119 F.3d 245, 251 (3d Cir.1997). We found such a situation in In re Dorsainvil, where the petitioner was in the "unusual position" of a prisoner with no prior opportunity to challenge his conviction for a crime that an intervening change in substantive law could negate with retroactive application. Id. In short, Dorsainvil may have been convicted for conduct the Supreme Court in Bailey v. United States, 516 U.S. 137, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995), deemed not to be criminal. See id.

The District Court held that Okereke's case fit within the narrow exception of In re Dorsainvil on the ground that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), was an intervening change in law that Okereke could not have predicted and could not have used as the basis of a § 2255 motion. However, In re Dorsainvil was a rare situation. A § 2255 motion would be inadequate or ineffective only if the petitioner can show that a limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim. See Cradle v. United States, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

- - -

Unlike the intervening change in law in In re Dorsainvil that potentially made the crime for which petitioner was convicted non-criminal, *Apprendi dealt with sentencing and did not render conspiracy to import heroin, the crime for which Okereke was convicted, not criminal*. Accordingly, under our In re Dorsainvil decision, § 2255 was not inadequate or ineffective for Okereke to raise his Apprendi argument.

Id. at 121 (emphasis added).

In the recent non-precedential decision of Jackson v. Shartle, 535 F.App'x 87 (3d Cir. 2013), the Court of Appeals for the Third Circuit relied on its holding in Okereke to reject the petitioner's argument that the decision in Alleyne permitted him to utilize § 2255's savings clause so that he could challenge the validity of his sentence in a § 2241 petition. The court held:

In this case, Jackman cannot avail himself of the "safety valve." He relies on the recent United States Supreme Court case Alleyne v. United States, – U.S. –, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), to support his petition. Alleyne is an extension of Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which held that that defendants have the Sixth Amendment right to a jury finding beyond a reasonable doubt of all facts that increase the penalty for a crime beyond the statutory maximum

sentence. Specifically, Alleyne overruled the Supreme Court's decision in Harris v. United States, 536 U.S. 545, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002), and held that the rule of Apprendi applies to facts that increase the statutory minimum sentence. *Because we have held that Apprendi claims must be brought pursuant to § 2255, not § 2241, see Okereke, 307 F.3d at 120-21, it follows that Alleyne claims must be brought pursuant to § 2255 as well. Thus, the District Court did not err in dismissing Jackman's § 2241 petition for lack of jurisdiction*.

Jackman, 535 F.App'x at 89 (emphasis added). The Court of Appeals for the Third Circuit reached the

same conclusion in another recent non-precedential decision case, Sacksith v. Warden Canaan USP, —

F.App'x —, 2014 WL 279754, *2 (3d Cir. Jan. 27, 2014), in which it held:

> Alleyne is essentially an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000)…. We have held that '§ 2255 [i]s not inadequate or ineffective for [a prisoner] to raise his Apprendi argument,' Okereke, 307 F.3d at 121, and there is no basis to treat claims brought under Alleyne differently. Thus, the District Court did not err in dismissing Sacksith's § 2241 petition.

(bracketed text in original).

In conclusion, Petitioner's claim does not fall within the narrow "savings clause" exception set

forth in Dorsainvil. The Court recognizes that Dorsainvil does not answer the question of whether the

circumstance the Court of Appeals for the Third Circuit confronted in that case is the *only* situation in

which a petitioner may be able to establish the adequacy or ineffectiveness of § 2255's remedy. 119 F.3d

at 252 ("Our holding that in this circumstance § 2255 is inadequate or ineffective is therefore a narrow

one. In the posture of the case before us, we need go no further to consider the other situations, if any, in

which the 'inadequate or ineffective' language of § 2255 may be applicable."). However, it is as of this

date the only circumstance recognized by the Court of Appeals for the Third Circuit since the enactment

of AEDPA, and there is nothing about Petitioner's case that justifies recognizing any exception in

addition to the narrow rule in Dorainvil.

Because this case does not present the rare situation rendering § 2255 inadequate or ineffective,

this Court does not have jurisdiction and the petition should be dismissed.

### C. Certificate of Appealability

28 U.S.C. § 2253 codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the denial of a habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000); 28 U.S.C. § 2253(c)(1)(B). As such, the Court should make no certificate of appealability determination in this matter.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be dismissed for lack of subject matter jurisdiction. Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Petitioner is allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge


Dated: February 12, 2014

cc:    The Honorable Cathy Bissoon
       United States District Judge